Case 7:14-cr-00760-KMK Document 87 Filed 09/15/20 Page 1 of 20
Case 7:14-cr-00760-KMK Document 95 Filed 01/07/21 Page 1 of 13

**MEMO ENDORSED**

7-cv-07110
7:14-cr-00760

SOUTHERN DISTRICT OF NEW YORK - WHITE PLAINS

SEAN INGRAM,
    PETITIONER

V

UNITED STATES OF AMERICA,
    RESPONDANT

DATE: 9-3-2020

SEP 08 2020

COMPASSIONATE RELEASE
SENTENCE MODIFICATION
REDUCTION IN SENTENCE
18 U.S.C. 3582 and 4205(g)

1) COVID-19 Poses a particularly ACUTE DANGER to inmates at Coleman-Low, where prisoners are forced to live in a single dormitory room along with approximately 160 other people. The FEDERAL GOVERNMENT has limited the ability of inmates to maintain adequate distance from each other, requiring them to sleep, eat and live, just a few feet from other potentially contagious prisoners violate the Constitutional six-feet-at-all-times rule for Social distancing.

2) These Conditions are Inhumane and Unconstitutional amounting to Cruel and Unusual Punishment, 8th AMENDMENT violation.

3) Also, there is a continued risk of harm to others, including prison staff, If inmates remain in the prison and the virus continues to thrive among the dense inmate population.

4) People have a constitutional right to healthy, safety and dignity while incarcerated.

5) SINCE April 2020, National Lockdown, Coleman-Low has ELEVEN out of twelve dormitory style units, housing 1,650 on quarintine, No work details, No Recreation, No fresh air, limited commissary and cold food, from Food Service.

6) As of JuNE 26, 2020, 180 plus inmates have tested positive and three inmate deaths, such as Safira Johnson, 32, dies while on a respirator from COVID-19 after warden denied Request for Coleman Compassionate Release, also Mohamed Yusuf, 37, found unresponsive dies after testing positive for COVID-19, Lompoc FEDERAL Prison.

7) I have deen infraction free since I ENTERED the BOP System, completing educational programing, Drug and Alcohol programing and Vocational training in food Service to aid in my rehabilition

to return to the status of Citizen. Also, employment aquired.

8) I respectfully request Sentence modification/reduction in Sentence to halfway house/home confinement for the duration of my federal Sentence 14-CR-760 (KMK), to my residence located at 405 South Boston Ave DeLand, Floriqa 32724, in the state of Florida, FEDERAL Probation Department Supervised release Juristdiction for Seven Years.

## GROUNDS FOR RELIEF

9) The grounds for this request would be predicated upon the COVID-19 Outbreak at Coleman-Low (there has already been 4 reported deaths), high blood pressure, hypertension, and severely obese. All of these health conditions place me at a heightened risk of dying while incarcerated at Coleman-Low. (See Miami Herald from Aug. 5, 2020, Coleman Camp inmate, Safira Johnson, dies at the age of 32 while on a respirator from COVID-19 after Warden denied her request for Compassionate release)

10) Things at Coleman-Low are really bad. Everyone is

infected, Asymptomatic (not showing any signs) and Active Positive Cases run rampage, amounting to Extraordinary and Compelling.

11) Seek relief pursuant to 18 U.S.C. 3582(c)(1)(A). That statute allows a defendant to bring a motion for reduction/modification of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the inmates behalf or the lapse of 30 days from the receipt of such a request by the warden of the inmate's facility, whichever is earlier. (See Attatchment Warden K. LANE RESPONSE Also, Appeal to REgional Director dated 6-17-2020, 90 days lapsed, no response).

12) The moving defendant bears the burden of establishing that "Compassionate release" is warranted under Section 3582(c)(1)(A), and a court exercises its discretion in ruling on such a Motion. (See United States v. Jackson, 2020 WL 2812764, at * 2) (D. Kan. May 29, 2020)(Lungstrum, J.)(citing cases).

13) Section 3582(c)(1)(A) provides that a Court may reduce a sentence if it finds, after considering applicable factors from Section 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. (see 18 U.S.C. 3582(c)(1)(A)).

14) To address this statutory provision, the Sentencing Commission promulgated the policy statement found at U.S.S.G. 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community. (I have made it to the custody level of Low-custody and currently have points low enough for Community Out-Custody status).

15) In addition, in Application NOTE 1 to the statement, found and Commission set fourth four circumstances (in Subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist.

16) In this case, the Court looks to Subdivision (D), known as the "Catchall" provision, which provides as follows:

> (D) OTHER REASONS. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).
>
> Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP).
>
> The BOP has made no such determination in this case. Nevertheless, as this Court has previously determined, in accordance with the weight of authority, the Court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. (See Jackson, 2020 WL 2812764, at *3).

17) The defendant argues that extraordinary and compelling reasons for immediate release from prison to halfway house / home confinement, exist because his age (39 years old), medical conditions (severely obese and high blood pressure, hypertension) and the conditions of Coleman-Low, confinement, create an increased risk of serious harm or death from the ongoing Coronavirus Covid-19 Pandemic.

# FACTUAL ANALYSIS

18) FCI Coleman was reporting 0 (zero) inmates testing positive for COVID-19, July 1, 2020. As of August 30, 2020, however, the coronavirus page of the BOP's website indicates over 200 inmates at Coleman-Low have active COVID-19 infections and only 3 inmates are "recovered". Also, 4 reported deaths from COVID-19 complications, 2 of which deaths occured from Coleman-Low and 1 death at Coleman Camp.

19) In addition, 30 staff members have active COVID-19 infections and only 2 staff members are "recovered".

20) Given the elevated risk of harm from the virus created by my age (39), (considering Safira Johson, 32, died while on a respirator from COVID-19 after Warden denied Request for Compassionate release, also Mohamed Yusuf, 37, was found unresponsive testing Positive for COVID-19, died, Lompoc Federal Prison), all underlying health conditions same as

hypertension, high blood pressure, abnormally high arterial blood pressure; such blood pressure occuring without apparent or determinable prior organic changes in the tissues possibly because of hereditary tendency, emotional tentions, faulty nutrition or hormonal influence; such blood pressure with demonstrable organic changes (as in nephritis, diabetes and hyperthyroidism), a systimatic condition resulting from hypertension that is either symptomless or is accompanied by nervousness, dizziness or headache, intensified by COVID-19 Coronavirus, deadly.

21) In its most recent guidance, the (CDC) CENTER for DISEASE CONTROL and Prevention, added hypertension, obesity, to its list of conditions that may increase an individual's risk of severe illness from Coronavirus COVID-19. (See CDC, Coronavirus Disease 2019 (COVID-19): People of any Age with underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.htm)

22) Additionally, in multiple studies of patients with COVID-19, most patients who died had at least one comorbidity.

(See United States v. Pullen, 2020 WL 4049899, at *5, D. Kan. July 20, 2020.)

23) Among the comorbidities, hypertension appeared frequently, indicating a strong relationship between hypertension and a patient's likelihood of developing a severe illness from COVID-19. (citing JAMA Internal Medicine, Risk Factors Associated with Acute Respiratory Distress Syndrome and Death in Patients with Coronavirus Disease 2019 Pnuemonia in Wuhan, China https://jamanetwork.com/Journals/Jamainternalmedicine/fullarticle/2763184 (MAR. 13, 2020).

24) Concluding that the most frequent comoribidities of Patients with COVID-19 were diabetes, hypertension and cerebrovascular disease.

25) In addition to this underlying health conditions, defendant's risk is increased by what appears and is to be the early stages of an outbreak at FCI Coleman-Low facility located in Florida.

26) This outbreak suggests that the BOP's preventative measures have not been successful at the facility. The condition at the facility do not allow for continual social distancing due to dormitory style units, housing 160 inmates each per unit (12 total units), 3 inmates each per 10' by 12' cubicles, No Fresh air, Poor ventilation, No inmate work details (Previous Food Service Supervisor Job detail), No recreation and Cold food.

27) That risk cannot be overlooked as prison facilities face an extraordinary challenge in preventing the spread of COVID-19 among their inmate populations, with prisoners being some 5.5 times more likely to contract COVID-19 than the population as a whole and, after controlling for age and sex, three times more likely to die from it.

(see Brendan Saloner, Ph.D., et al, COVID-19 Cases and Deaths in Federal and State Prisons, JAMA (July 8, 2020) https://jamanetwork.com/Journals/Jama/fullarticle/2768249).

28) The risk here is even more acute because FCI Coleman-Low which is in the midst of a massive surge in COVID-19 cases. (See Florida DEPARTMENT of Health, Florida COVID-19 Response (July 31, 2020) https://Floridahealthcovid19.gov/#latest-stats).

## Relief Sought

29) The combination of defendant's age, underlying health conditions, which increase the risk of serious harm from the virus, and the recent outbreak at the facility, Coleman-Low, where it appears that measures to contain the virus have been ineffective, provides an "Extraordinary and Compelling" reason for relief in this case.

30) Although the Government, BOP, in general and FCI Coleman-Low, in particular, have admirably implemented numerous safety

Precautions, even Competent, well-intentioned officials face an arduous task of protecting otherwise healthy inmates, let alone Someone with serious risks.

31) Given all this, the COVID-19 Pandemic "substantially diminish defendant's ability to provide self-care within the environment of Coleman-Low Correctional facility. (U.S.S.G. 1B1.13, n.1(A)(ii)

32) COVID-19 Pandemic create fear, Anxiety, Depression and hypertension due to 200 active cases, fear of Contracting, exposure, to the deadly Coronavirus COVID-19 posed to incarcerated inmates like me, possible death Sentence if Contracted to COVID-19.

33) Respectfully REQUEST ORDER stating Modification of Sentence / Reduction in Sentence to Out custody Halfway House / Home Confinement for the duration of federal Sentence 14-cr-760. Also, seven years supervised release to be in the federal Probation department Middle-Eastern District of Florida release address 405 South Boston Ave Deland, Florida 32724.

Respectfully Submitted,

Sean Ingram 72732054         9-3-20

DATE: 9-3-2020

Attatchment: Compassionate Release 18 U.S.C. 3582 Sentence Modification

Southern District of New York - White Plains

1) Warden Kathy P. Lane Response date 6-10-2020

2) Appeal to Regional Director date 6-17-2020

3) Relief

4) CDC COVID-19

5) Program Review

Sean Ingram 72737-054
*Sean [signature]*
FCI Coleman-Low
P.O. Box 1031
Coleman, Florida 33521

---

Application for Compassionate Release under 18 U.S.C. Section 3582 is denied. As the Government notes, the record does not support Mr. Ingram's assertions that he suffers from hypertension, obesity, or any other medical conditions that place him at an elevated risk from COVID-19. Moreover, as the Government contends, the facility at which Mr. Ingram is housed (Coleman-Low) is not suffering from a major COVID oubreak. Indeed, data from today reveals that there is only 1 positive case among inmates at that facility. Finally, even if Mr. Ingram established extraordinary and compelling circumstances, which he has not, the Section 3553(a) factors weigh against early release. Mr. Ingram is a career drug dealer who played a part in the murder of an innocent victim. His cooperation was baked into the reduced sentence he received, so granting this application will undermine the respect for the law and the other reasons the Court imposed the sentence it did. Also relevant to this point is that Mr. Ingram is yet to serve a substantial portion of his sentence. For these reasons, the application is denied.

So Ordered.

1/6/21